## JEFFORD'S ADM'R v. RINGGOLD & CO.

1. In an action against an administrator. it is not allowable to declare in one count upon a demand for which he is liable individually, and in another for a debt due the estate he represents; such a declaration would be objectionable on general demurrer for a misjoinder of counts.

2. Although infancy is a personal privilege, yet not only the infant may avail himself of it, but his executor or administrator when sued upon the intestate's contract, may also plead it.

3. An executor or administrator may ratify the contract of his intestate made during his infancy, although the intestate died before he attained his majority; and such ratification will be obligatory, though it was verbally made, without any new consideration.

4. It is difficult to lay down a precise rule, as to what notice to produce a writing is necessary, to let in secondary evidence of its contents; but a notice to the plaintiff's attorney several days before the term of the court when the cause was tried, is *prima facie* sufficient, although the plaintiff resided without the State; if the plaintiff was ready to produce it, *and was* unwilling that parol evidence should be given, he could have applied for a continuance.

Writ of error to the County Court of Lowndes.

This was an action, at the suit of the defendants in error against the plaintiff. The first count of the declaration is on a promissory note made by the intestate, and another on the 17th

August, 1837, for the payment of three hundred and thirty-three dollars to the plaintiffs. The second count is the same as the first, except that it alleges a promise by the defendant, since the death of his intestate, to pay the note. The third count alleges the making of another promissory note of the same tenor and date, and sets forth that its consideration was a house and lot in the village of Lowndesborough, Lowndes county, which the plaintiffs had agreed in writing to convey to the intestate in his lifetime; that the intestate died before the note was paid, or the house and lot conveyed; that at the particular instance and request of the defendant, the plaintiffs conveyed him the house and lot for the use and benefit of his intestate's estate, in consideration of all which the defendant became liable and promised to pay the note in question when he should be requested. The fourth count describes, as the cause of action, a note of the same tenor and effect as that set forth in third, founded upon the same consideration; and then alleges, that the intestate was an infant under the age of twenty-one years when the note was made, and died during his minority; that the defendant confirmed the contract for the conveyance of the real property, and took a conveyance for the same in his own name; in consideration thereof, he became liable to pay the note declared on according to its tenor and effect. The declaration then concludes as follows: "Yet the said John W. Jeffords, not regarding his said several promises in the three last counts mentioned, has not paid the same or any part thereof. And the said intestate or defendant, not paying the money in the first count named, by reason of the premises, plaintiff has sustained damages for seven hundred dollars—and he brings his suit," &c.

The defendant pleaded—1. That his intestate did not undertake and assume, as the plaintiffs have alleged, &c. 2. That intestate was an infant at the time the supposed promise and undertakings, mentioned in the plaintiff's declaration, were made. On the first plea, the plaintiffs took issue; and to the second, they replied, that the intestate died during his infancy; and the defendant, after his appointment as administrator, ratified and confirmed the promises and undertakings in the declaration mentioned. To this replication, the defendant demurred, and his demurrer was overruled; thereupon the cause was submitted to a jury, who returned a verdict for the plaintiffs for the amount of the note and

interest, and judgment was rendered accordingly. On the tri:l, the plaintiffs, in order to establish the confirmation of the contract of purchase by the defendant, proved that on Friday preceding the commencement of the term of the court, when the cause was tried, he caused a notice in writing to be served upon the attorney of record of the defendant, at his office in Lowndes county, requiring him to produce at the trial the deed which the defendant had received for the house and lot referred to in the declaration; and also proved that the defendant had an agent, resident within the county, to attend to this case. The fact that there was such a deed, was proved by a witness, who also stated, that the last time he saw it, it was in defendant's possession; that defendant resided in Charleston, South Carolina, and had not lately been in this State. Upon this proof, the defendant objected to the admission of parol evidence of the contents of the deed, on the ground that the notice to produce it had not been given a sufficient length of time before the trial to enable him to bring it into court; but the objection was overruled, and the plaintiffs were permitted to give parol evidence of the contents of the deed. Thereupon the defendant excepted, and his exception is duly certified.

N. Cook, for the plaintiff in error, made the following points: 1. The demurrer to the replication should have been sustained to the declaration; because the plaintiffs declare upon several causes of action which could not be joined. 2. The replication is bad, because it does not allege any consideration moving to the defendant in order to make the confirmation of the intestate's promise binding in law. 3. Parol evidence of the contents of the deed was inadmissible. upon the proof made by the plaintiffs. [8 Porter's Rep. 529; 9 id. 39; 2 Ala. Rep. 58; 3 id. 449.]

No counsel appeared for the defendants.

COLLIER, C. J.—1. If the declaration be defective for the cause supposed, it was certainly obnoxious to the defendants' demurrer to the replication. It is said the consequences of a misjoinder are more important than the circumstance of a particular count being defective; for in the case of a misjoinder, however perfect counts may respectively be in themselves, the declaration

will be bad on general demurrer, or in arrest of judgment, or upon error. [1 Chitty's Plead. 3d Am. ed. 206, and cases there cited.] We will not undertake to examine, with particularity, each of the counts of the declaration in the case before us, to ascertain whether, separately considered, they each disclose a good cause of action. The conclusion of the declaration very explicitly indicates that the plaintiffs themselves regard the first count as imposing a liability upon the defendant in his representative character; and by the three latter, they seek to enforce a recovery in his own right, for promises which they suppose subject him to a personal charge. Now, although it may be allowable to join promises by a testator or intestate, and an executor or administrator, on a contract or liability made or incurred by the deceased in his lifetime; yet it is apprehended, that no case can be found in which it has been permitted to recover in the same action against a personal representative upon a demand with which he is chargeable as such, and also upon one which binds him individually. There would of necessity be two judgments in such case, entirely dissimilar; in the one, the assets of the estate of the deceased would be charged; while in the other, the estate both real and personal of the defendant would be subjected to its payment. This, of itself, would be quite sufficient, if there were no other reason, to show the impropriety of thus declaring. [Sibbil & Lloyd v. Borden, 6 Hals. Rep. 163; 2 Lomax' Ex'rs, &c. 271, et post.] It results from this view, that the declaration, considered as entire, is bad; and that it should have been so adjudged on demurrer.

2. It is laid down generally, that infancy is a personal privilege to be taken advantage of by the infant. [6 Dane's Ab. 132; Van Bramer, et al. v. Cooper, 2 Johns. Rep. 279; Hartness, et al. v. Thompson, et al. 5 Johns. Rep. 160; United States v. Brainbridge, 1 Mason's Rep. 78.] But although the right to avoid a contract, on the plea of infancy, is said be personal, yet it is held, that one who legally represents an infant, as an executor or administrator, may avail himself of it. [Beeler v. Bullit, 3 A. K. Marsh. Rep. 280; Smith v. Mayo, 9 Mass. Rep. 62; Hussey v. Jerett, 9 Mass. Rep. 100; 2 Kent's Com. 236, and cases cited.] And upon principle, it would seem this should be the law; as executors and administrators represent, in all matters in which the personal estate is concerned, the person of the deceased. They

have the same property in the chattels of their testator or intes-
tate, as he himself had when living, and in general succeed to his
rights of action, and are subject to his liabilities, at least to the ex-
tent of assets received. [2 Steph. Com. 243.] This being the case,
the second plea of the defendant may be assumed to have been
well pleaded; and the question, then, is, does the replication set up
sufficient matter of avoidance. It cannot be denied, that the con-
tract of an infant may be ratified by him after he attains his ma-
jority. [Borthwick v. Carruthers, 1 T. Rep. 649; Cohen v. Arm-
strong, 1 M. & S. Rep. 724; Thornton v. Illingworth, 2 B. & C.
Rep. 824.] But it is insisted, that in order to make the ratifica-
tion by his administrator available, it must be founded upon some
new consideration. It is said to have been once supposed, that
an executor was chargeable in his right *only*, where an action
was brought against him on promises made after the testator's
death. But modern decisions determine, that an executor or ad-
ministrator may be sued, as such, on a promise made by him *in*
his representative character; and that he will only be chargeable
to the same extent, as he would on the testator's promise. [2
Lomax's Ex'rs, &c. 272.] The statute of frauds, in order to
make him liable out of his own estate, requires that the promise
should be in writing; the decisions are, not only that it should be
in writing, but founded upon a sufficient consideration. [Clay's
Dig. 254; 2 Lomax' Ex'rs, &c., 273-4-5.]

A promissory note, such as that declared on, when made by
an infant, is not absolutely void, but merely voidable, and as it is
presumable it is founded upon a valuable consideration moving
from the payee, the maker after he attains his majority, may by
a verbal promise, impart to it validity. Such promise will be
effectual, because it only makes that a legal duty, which was be-
fore a moral obligation. [Goodsell v. Myers, 3 Wend. Rep. 479;
Willard v. Stone, 7 Cow. Rep. 22; Everson v. Carpenter, 17
Wend. Rep. 419; Dockery v. Day, 7 Porter's Rep. 518; 4 Kent's
Com. 236; Wright v. Steel, 2 N. Hamp. Rep. 51; McCrilles v.
Howe, 3 N. Hamp. Rep. 348; Orvis v. Kimball, id. 314.] But
if the infant, instead of ratifying his contract after he becomes
twenty-one years of age, disaffirms it, it is, as it respects the other
party, entirely at an end, and he becomes re-invested with a right
to whatever he had parted with as an inducement to the infants
undertaking, and may reclaim it as if the property had never pass-

ed from him. [Badger v. Phinney, 15 Mass. Rep. 359.] This being the case, as a question of sheer interest, to say nothing of the obligations of moral duty, it must frequently be for the advantage of one who enters into a contract during infancy, not to avail himself of his minority in order to avoid it. If then the promissory note of an infant, is only voidable at his election, it may be for the interest of creditors and distributees, and results from the necessary discretion with which executors and administrators are vested, to permit his personal representative to forego the defence of infancy. And in order to make his ratification binding upon the estate, we can perceive no reason why he should receive a new consideration. The note, it is presumed, was given for something equivalent to the sum expressed upon its face, and its non-payment furnishes a sufficient consideration to support the administrator's promise made in that character. It has been held that an executor or administrator is not bound to plead the statute of limitations, and that he may re-affim the liability of the estate he represents, by a promise to pay. [Greening, ex'r, v. Brown, Minor's Rep. 353; Bond v. Smith, 2 Ala Rep.] By parity of reasoning, it would seem, that he need not set up the plea of infancy; more especially if his success, instead of benefiting, would really prejudice the estate. The fact that the intestate died during his minority, cannot impair the powers of his administrator; the law recognizes no distinction between the representative of an adult and an infant; and though the latter could not bind himself but in certain excepted cases, the authority of his administrator is none the less extensive for this case. From this reasoning, it results that the replication was a good answer to the plea, and the demurrer, so far as it was concerned, properly overruled.

3. It is not objected that the notice to produce the deed was given to the attorney instead of the defendant himself. The act of 1818, expressly declares, that in all cases pending before any of the courts of record, written notice to the attorney of record, shall be as valid and legal, to all intents and purposes, as if served on the party in person. [Clay's Dig. 337, § 137.] The cases cited by the plaintiff in error upon this point, do not sustain him, they rather show that it is difficult, if not impracticable, to lay down a precise rule, as to what notice to produce a writing is necessary, in order to let in secondary evidence of its contents. If the

party to whom the notice is given, has had *prima facie* sufficient time to produce the paper, and is still unable to do so, if he is unwilling that its contents should be proved by parol, he may apply for a continuance; but an objection at the trial, that the notice was too short to enable him to comply with it, would be listened to with little favor. The notice in the present case, we think, was entirely sufficient. It was given several days previous to the sitting of the court; how long before the trial does not appear.— The plaintiffs might very well have inferred that the defendant had placed in the hands of his attorney or resident agent, all the papers relating to the cause; and upon this hypothesis, the plaintiffs are not chargeable with neglect. But upon the first point considered, the judgment of the county court is reversed, and the cause remanded.