## SIMINGTON, USE, &c. v. KENT'S EX'R.

1. A written notice to the attorney at law of a party, to produce a paper to be used as evidence, is declared by statute to be valid and legal to all intents and purposes, as if served on the party in person.
2. Where a suit is brought in the name of one person for the use of another, a notice to the attorney of record of the plaintiff, to produce a writing which merely describes the suit as between the nominal plaintiff and the defendant is sufficiently certain, and the attorney cannot excuse the non-production, by proof that he was retained by the plaintiff really interested.

Writ of error to the Circuit Court of Perry.

THE plaintiff in error declared against the defendant for work and labor done, for goods, wares and merchandize sold and delivered, and upon an account stated. The defendant pleaded—1. *Non assumpsit.* 2. That the defendant had no license to practice medicine at the time the account was made, for the recovery of which this action is brought. Thereupon the cause was submitted to a jury, who returned a verdict for the defendant, and judgment was rendered accordingly.

On the trial, a bill of exceptions was sealed, at the instance of the plaintiff, which presents the following point: After the plaintiff had proved his accounts, which were for services rendered as a physician, and the testimony had closed on both sides, the attorneys for the defendant produced a notice entitled and addressed thus: "W. A. Simington v. A. G. McCraw, Ex'r of Robert F. Kent.

Perry Circuit Court. To Hugh Davis, attorney of record for W. A. Simington, the plaintiff." The notice then informed the attorney, "that the license, or permit, of W. A. Simington to practice medicine and surgery will be required to be produced on the trial of the above stated case, in which said Simington is plaintiff, and A. G. McCraw defendant, and which stands for trial at the next term of the Circuit Court of Perry county," &c. "to be holden," &c. "in September, 1843." This notice was subscribed by the defendant's attorneys, and acknowledged to have been received by the person who appeared to be the attorney of record for the plaintiff, some weeks previous to the commencement of the term of the Court at which the production of the paper was required. But the attorney on whom the notice was served, denied that he represented Simington, but insisted that he was the attorney of the beneficial plaintiff. For that reason, and because the notice was not served on either Simington or the party for whose use the suit was brought, he insisted that it was insufficient to require the production of the license; but the Court ruled otherwise.

H. Davis, for the plaintiff in error, insisted that the service of the notice upon the attorney of the real plaintiff, was insufficient to draw from the plaintiff a paper which he must be presumed to have in his possession. [Clay's Dig. 491. See Meek's Sup. 117.] The case in 6 Ala. Rep. 257, is unlike the present. There the notice was to aid in giving effect to a remedial statute; in other cases attorneys should be considered incompetent to accept service, unless they are expressly embraced by statute. The Court seemed to require the production of a license, though a diploma would have been sufficient.

A. B. Moore, for the defendant.

COLLIER, C. J.—The notice, it is true, does not entitle the cause as being brought for the use of the beneficial plaintiff, yet we think the designation of the parties was sufficiently precise to have enabled the attorney to understand in what case it was proposed to use the paper as evidence.

Our statute *in totidem verbis* declares, that in all cases pending before any of the Courts of record, written notice to the at-

torney of record, shall be as valid' and legal to all intents and purposes, as if served on the party in person. [Clay's Dig. 337, § 137.] In Jefford's Adm'r. v. Ringgold & Co. 6 Ala. Rep. 549, a notice was served on the defendant's attorney, in Lowndes county, on Friday preceding the term of the Court, when the cause was tried, to produce a paper at the trial. It was proved that the paper was seen in the possession of the defendant, in Charleston, South Carolina, and that he had not lately been in this State. We considered the notice sufficient, and remarked, that "If the party to whom the notice is given, has had *prima facie* sufficient notice to produce the paper, and is still unable to do so, if he is unwilling that its contents should be proved by parol, he may apply for a continuance; but an objection at the trial, that the notice was too short to enable him to comply with it, would be listened to with little favor." See also, Jackson v. Hughes, 6 Ala, Rep. 257. These cases, if other authority than the statute itself were necessary, very conclusively settle that a notice to the attorney of a party, pending a cause, is notice to the party himself.

The fact that the attorney in the present case was retained by the real, instead of the nominal plaintiff, we think altogether unimportant. Whether he represent the one party or the other, either himself or his client are presumed to be in possession of the papers which may be material on the trial of the cause. If he has them not then, he should advise his client of the requisition, but whether he pursues this course or not, if the papers are not produced after reasonable notice, then parol evidence will be received. Although the paper demanded may be such as belongs to the nominal plaintiff, yet a notice to the beneficial plaintiff, or his attorney, is regular. This is the necessary result of what has been said—the judgment is consequently affirmed.