## MANNING *vs.* JOHNSON.

1. Although the deed of an infant is voidable only, and not absolutely void, yet he will not be required, in a court of law, to refund the purchase money, when it is not shown to have been in his possession, either actually or constructively, after he attained his majority, as a pre-requisite to an avoidance of his deed by suit for the land.

2. After a recovery of the land by the infant, in such case, the purchaser may recover back the money by suit, especially where he was induced to enter into the contract by the infant's false representation that he was of full age.

3. *It seems*, however, that if the infant, after he arrives at full age, is possessed of the consideration paid him, whether it be property, money, or choses in action, and either disposes of it so that he cannot restore it, or retains it for an unreasonable length of time, this amounts to an affirmance of his contract.

APPEAL from the Circuit Court of Sumter.

Tried before the Hon. ALEX. B. CLITHERALL.

TRESPASS QUARE CLAUSUM FREGIT by Pierce Manning against Robert Johnson, to recover two town lots in Livingston, together with damages for their detention.

" On the trial of the cause," as the bill of exceptions states, " it was proved that the plaintiff, being the owner of the premises sued for, and an orphan, sold said premises to the defendant, and conveyed the same to him by deed, with warranty of 'title, in the usual form, which deed recited. the consideration to be nine hundred dollars, received by plaintiff from defendant. The evidence conduced to show, also, that the purchase money recited in the deed had been paid by the defendant while the plaintiff was under the age of twenty-one years ; also, that at the time the conveyance of the said premises was made by plaintiff, he was an infant under the age of twenty-one years ; also, that this suit was commenced by plaintiff, to recover said premises, immediately after attaining the age of twenty-one years, the defendant being in possession thereof, and having received the possession from plaintiff at the time said conveyance was made to him. There was evidence, also, tending to show that plaintiff represented himself to be of age, and claimed to act for himself, and had voted at an elec-

tion ; and that defendant, at the time of purchasing, was to some extent a stranger.   There was no evidence that plaintiff had returned, or offered to return, the purchase money received by him from the defendant.

" Upon these facts, the question was, whether plaintiff could recover without having shown a return, or an offer to return, the purchase money which he had received from the defendant for the premises sued for.   The court charged the jury, that if they believed from the evidence that plaintiff, at the time he sold and conveyed the premises to the defendant, was an infant under the age of twenty-one years, but that the contract between them was executed—that is, that the purchase money was paid by the defendant, and the possession, with the deed, delivered up by plaintiff—then, to entitle plaintiff to recover in this action, he must have re-paid, or offered to repay, the purchase money to the defendant ; and to this charge the plaintiff excepted."

This charge of the court is now assigned for error.

TURNER REAVIS, for the appellant:

1. In this State, infants have always been prohibited by statute from conveying their lands, either by deed or will. The ordinance of 1787, for the government of the territory northwest of the Ohio, provides, that real estates may be conveyed, or devised, by the person in whom the estate may be, being of full age, under certain formalities.—1 U. S. Stat. at Large, p. 51, note (a) ; Toulmin's Dig., p. 882.   This ordinance, with the exception of the anti-slavery article, was extended to the Mississippi Territory, by the act of 1798, (1 U. S. Stat. at Large, p. 550, §§ 3 and 6); and was continued in force in the Alabama Territory, upon its establishment in 1817.—3 U. S. Stat. at Large, p. 372, § 2 ; Toulmin's Dig., p. 882.   It was also continued in force, so far as it remained unchanged, when the territory was formed into a State government.—Constitution of Ala., sec. 5th of the schedule.   No change was made in the ordinance, so far as it respects conveyances, until 1803.—Note to page 234 of Toulmin's Dig. And no change in it has ever been made, removing the restriction upon conveyances by infants.   On the contrary, all the legislation upon the subject of conveyances, either as-

sumes that the restriction continues, or expressly continues it. Toulmin's Dig., 234, § 3; *ib*. 883, § 2; Clay's Dig. 155, § 27; *ib*. 596, § 1; Code of 1852, § 1265. The ordinance of 1787, then, is the foundation of the right to convey lands in this State ; and as that ordinance expressly excludes infants from the exercise of the right, and in this respect has never been changed, their conveyances are void. That the proper construction of the ordinance prohibits infants from conveying their lands, see Smith's Com. on Statutes, §§ 488 and 581; 4 Day's R. 60.

This view is not in conflict with any of the cases decided by this court, and was not presented in any of them.

It is also insisted, that independently of the statutes referred to, the deed of an infant is void at common law, if he choose so to consider it. The case in 4th Porter 41, is to this effect ; but in 5th Porter 270, and in 10th Ala. 354, the question is expressly left open ; and, so far as a conveyance in fee is concerned, is not settled in the case of Weaver v. Jones, 24 Ala. 420. The case in 5th Porter 270 decides, that the deed of an infant, conveying his lands, is void as against his guardian. How could it be so, without being void as to the infant also ? If the deed of an infant, having a guardian to protect him against his own weakness and indiscretion, is void, much more should the deed of one having neither guardian, nor father, nor mother, (as in this case,) to afford him such protection, be so. That such a deed is void at common law, see 1st Thomas's Coke, 1st Am. edit., top p. 205, and note 41; also, top p. 209, and note 1 ; 3 Mod. R. 209, 303-4, 310; Holt 357; 5 Bac. Ab. 98 ; 4 N. Hamp. 441; 12 Serg. & R. 399; 9 Barr 14 ; 2 Dev. & Bat. 320.

All the cases which hold the deed of an infant to be voidable only, rest upon the *dicta* of Lord Mansfield, in Zouch v. Parsons, 3 Burr. 1794 ; and while the decision on the precise point before the court in that case has ever since been adhered to, the *dicta* have been questioned by many eminent judges and lawyers, and rejected by many others.—10 Ala. 354 ; 2 Dev. & Bat. 320 ; 10 Peters 58 ; 1 Thomas's Coke, 1st Am. edit., 205, top p., and note 41 ; 2 Lomax's Dig. 11, § 8 ; 2 Prest. on Convey. 249.

2. It is not material, however, whether Manning's deed to

Johnson was void, or voidable; for if merely voidable, it was not necessary, as a condition precedent to commencing his suit, that he should have restored to Johnson what he had paid him. In reference to this question, it may be premised, that infants are greatly favored by the law, and are regarded by it with paternal solicitude; and they are not allowed to be prejudiced by anything to their disadvantage.—9 Vin. Ab. 374; 5 Bac. Ab. 110 (G); *ib.* 125; 8 Peters 128. They are even more favored than married women.—Hob. R. 225. And this favor is extended for the purpose of protecting them against the consequences of their folly, rashness, misconduct, and fraud.—10 Peters 77; 12 Serg. & R. 403; 1 Johns. Ca. 128; 4 Sanf. Sup. C. Rep. 374.

All the courts which have held the deed of an infant to be merely voidable, have also held, that he may avoid it on arriving at full age, by entry, by suit, or by conveying the land to another person; and that if he should die before avoidance or confirmation, his heirs may avoid it in the same way. 3 Burr. 1794; 10 Peters 58; 11 Johns. 539; 17 Wend. 119; 7 Blackf. 442; 12 Missouri 549; 15 Ohio 156; 30 Maine 354; 7 Humph. 121; 5 Ohio 253; 2 Dev. & Bat. 320; 2 Litt. 157; 3 Brev. 401; 2 Kent's Com., 6th edit., 236-7-8; 4 Porter 41.

If the act of avoidance is completed in any of these ways, then of course nothing else is necessary to be done; and consequently, it is not necessary to restore the consideration in order to effect it. In many cases restitution would be impossible. If an infant were to convey his land for something which was destroyed before he arrived at full age, so that he could not return it, he could never recover his land, however great the disproportion between the value of his land and what he got for it, if, in order to recover it, he should be required to restore the thing he got.

The courts which have held the contracts of infants to be merely voidable, place their decisions on the ground of favor and advantage to the infant.—See the cases cited above, and 24 Ala. 420; Bingham on Inf. 14 and 15. They therefore do not mean by so holding to put an infant in a worse condition than he would be in if his contract were held void; yet such would be the effect of requiring him to restore what he had got for his land, before allowing him to recover it back. Such

a requisition would be, not to favor him, but to put him almost upon the same footing with an adult person. No case can be found, where an infant who had sold his land was required, before being allowed to recover it back, to convey it to another person, or enter upon and hold it, to restore what he got for it at law. On the contrary, there are cases in which restitution was expressly held to be unnecessary.—15 Ohio 156 ; 9 Conn. 330; 16 Maine 55 ; 12 Serg. & R. 399.

All the cases seemingly adverse to this view, except one, are cases in which personal property was concerned ; and in which the rule, that infants are regarded by the law with great favor and paternal solicitude, was lost sight of. The excepted case was one in which the infant sought a rescission of the contract in equity ; and the court, acting upon its peculiar principles, refused relief without restitution.—5 Humph. 70. That case, therefore, has no application to this.

The question of fraud on the part of Manning does not arise upon the record ; but if it did, the authorities are almost, if not quite unanimous, that the representation of Manning that he was of age does not preclude him from avoiding the deed.—1 Johns. Cases 127; 10 N. Hamp. 184; 10 Peters 77; 4 Sanf. Sup. C. Rep. 374 ; 12 Serg. & R. 403.

A. A. COLEMAN, *contra :*

The modern and most approved doctrine is, that all the acts and contracts of an infant are voidable, and not absolutely void ; with, perhaps, the single exception of a power of attorney. The most that can be said in support of the position, that their contracts are void, is, that the law regards them as incapable of making good bargains ; and if such be the case, surely the law will not, against their consent when of full age, deprive them of the benefit of a good bargain, and refuse to allow them to ratify those acts which are greatly to their advantage. The ordinance referred to by the appellant's counsel, is not prohibitory, and does not apply to this case. The doctrine contended for is nothing less than a complete acknowledgment of the doctrines of the feudal system, which is not recognized in this country.—4 Kent's Com. 440; 2 *ib.* 233, 234; Smith on Statutes, §§ 577, 528, 620, 621 ; Reeves on Domestic Relations, ch. 4 and 5; Zouch v. Parsons,

3 Burr. 1794; 17 Wend. 119; 15 Mass. 220; 13 *ib*. 371; Kline v. Bell, 6 Conn. 494; 10 Ala. 348; Weaver v. Jones, 24 *ib*. 420; 10 Peters 58; 4 Port. 41; 5 *ib*. 270.

If an infant (or, rather, one who claims relief on the ground of infancy) would avoid an executed contract, he must restore the consideration which he has received.—2 Kent's Com. 240; 1 N. Hamp. 73; 6 *ib*. 335; 10 *ib*. 194; 15 Mass. 359; 13 *ib*. 204; 3 Verm. 353; 9 *ib*. 368; 12 *ib*. 28; 14 *ib*. 405; 6 Greenl. 89; 8 *ib*. 405; 8 Taunt. 508; 5 Humph. 70; 7 Cowen 179; 11 Wend. 85; 13 Ala. 419.

But if the general proposition cannot be sustained, when stated thus broadly, then it is insisted, that if an infant retains, after arriving at full age, and converts and appropriates the money to his own use, he is estopped from setting up his infancy, and cannot recover.—Thomason v. Boyd, 13 Ala. 419; 7 Ired. 258; 11 Wend. 85; 12 Serg. & R. 399; McPherson on Infancy, p. 309 (mar. 488.)

CHILTON, C. J.—It is now the settled doctrine, that the deed of an infant is not void, but voidable only.—Reeves' Dom. Rel., p. 250, *et seq.*; Zouch v. Parsons, 3 Burr. 1794; Elliott v. Horn, 10 Ala. 348-54; Weaver v. Jones, 24 *ib*. 420.

Ordinarily, it is the privilege of an infant to rescind his contract at pleasure; and this, without regard to whether such contract was a fair one or not. This general rule is subject to certain exceptions; but these are not involved in the case before us, unless his failure to return the purchase money, which he has received in consideration of the sale and conveyance of his land, deprives him of the power of rescission.

Upon this subject we have carefully looked into the books, and find much conflict of authority; and without, in this place, commenting upon them, we state as our conclusion, that while we fully subscribe to the doctrine that the infant must use his privilege as a shield to defend himself, and not as an offensive weapon to injure others, we cannot subscribe to the doctrine that he must refund the purchase money which he has received, and which there is no evidence he has had in his possession after he attained his majority, as a condition precedent to his rescinding or avoiding his conveyance *at law*. We agree, that the strong current of authority is otherwise

in a court of equity ; but we express no opinion now as to the rule that court should proceed upon in such cases.

The effect of the ruling of the primary court is, to turn this conveyance into a *quasi* mortgage, and to allow the infant the mere right of redeeming his land upon re-payment of the sum advanced to him. But, we apprehend, if the parties had expressly contracted for that relation, the infant would not have been held concluded by the mortgage. Mr. Coote, in his work on Mortgages, (p. 105,) says : " With respect to infants, they are of course incapable of executing a mortgage of their own property, or of lending money on mortgage ; nor has the guardian, or trustee, nor even the court of chancery, any power to change the nature of the infant's estate", &c.—1 Pow. on Mortg. 58-9.

When we come to reason upon the proposition, however, it is surrounded with difficulty ; for, if the infant can raise money to the whole value of his estate by a voidable sale or mortgage, and can only avoid the conveyance after refunding, he is furnished the means of indulging habits of dissipation and prodigality, which in many instances would doubtless result in squandering the whole of the proceeds ; while the purchaser, or mortgagee, would risk nothing, the land or estate of the infant so sold or mortgaged furnishing adequate security. On the other hand, to allow the infant to retain the consideration, and yet to repudiate or disaffirm the conveyance, would tempt as well as enable him to practice frauds upon others. We think the safe rule should furnish a check both upon the infant and the party contracting with him. That rule we take to be this. If the infant, after he arrives at age, is shown to be possessed of the consideration paid him, whether it be property, money, or choses in action, and either disposes of it so that he cannot restore it, or retains it for an unreasonable length of time after attaining his majority, this amounts to an affirmance of the contract. So, likewise, if it be shown that he has the power to restore the thing that he received, he cannot be allowed to rescind, without first making restitution. But if, as in the case before us, the consideration paid was money, and there is no proof that he was possessed of the money so obtained, either actually or constructively, after he attained his majority, so as to be able to restore it

to the purchaser, the infant shall not be required, in a court of law, to re-pay the amount he received, as a pre-requisite to an avoidance of his deed by suit for the land. When he succeeds in recovering the land, it works the destruction of the contract; and according to the more modern authorities, which we are disposed to consider as correct, the purchaser who has lost the land may sue for and recover the money; and especially would this action lie in a case like this, where the purchaser was induced to enter into the contract upon the false representations made by the infant, that he was of full age, and consequently competent to contract. We would not be understood as intimating, that if the infant sought a re-scission in a court of equity, he would not be required to refund the purchase money, whether he had disposed of it or not before he arrived at lawful age. See, upon this subject, Dart on Vendors and Purchasers of Real Estate, p. 3; Chambers on Infancy, p. 412; 1 Fonb. Eq., b. 1, ch. 3, § 4, and authorities on the briefs of counsel.

Let the judgment be reversed, and the cause remanded.