Curia, per Sutherland, J.
The motion in arrest of *23 ju^omen* i® founded on the infancy of the plaintiff. The decision in Hunt v. Peake, (5 Cowen, 475,)[1] disposes of this, objection. The contracts of infants are not void; but voidable at their election only. They are binding on those who contract with them ; and the precise point of the capacity of an infant to maintain an action on a contract of marriage, was much considered, and after several arguments, finally settled in Holt v. Ward Clarencieux, (2 Str. 937.) An infant plaintiff may maintain this action, though infancy will be a defence against it.
The evidence offered by the defendant, of rumors and reports in the neighborhood, that he had been supplanted in the plaintiff’s affections by Frink, during his absence at the westward, and that the plaintiff’s manners and conduct to Frink were spoken of with disapprobation, was properly, rejected. If her conduct was improper in relation to that individual, the defendant should, and might have proved the fact. If it was not, she ought not to suffer from the unfounded calumnies which may have been propagated against her, the truth or falsehood of which the defendant had the power of ascertaining.
The case of Johnson v. Caulkins, (1 John. Cas. 116,) seems to decide, that in an action for a breach of promise of marriage, the defendant may give in evidence, in miti gation of damages, the licentious or improper conduct of *the plaintiff, not only before but subsequent to the breaking off of the contract. The court there consider the action as brought, not only to recover compensation for the immediate injury sustained; but also damages for the loss of reputation; which, as they observed, must necessarily depend on the general conduct of the party subsequent, as well as previous to the injury complained of. The chief justice, Lansing, dissented in that case; but we are not aware that it has ever been overruled. [2]
*24 The evidence offered of the gross and indecent familiarities, between the plaintiff and Frink, subsequent to the defendant’s refusal to consummate his engagement, was, therefore, improperly rejected. It should have been received in mitigation of damages; and on that ground a new trial must be granted.
A tender of marriage, on the part of the plaintiff, was not necessary; and the evidence fully authorized the jury in finding a refusal on the part of the defendant. A new trial must be granted, with costs to abide the event.
Hew trial granted.

 Per Savage, Ch. J.; see 2 Kent’s Com, 243

 See Palmer v. Andrews, 7 Wend. Rep. 142. In Boynton v. Kellogg, 3 Mass. Rep. 189, it was held, per Sedgwick, J.: 1. That if the woman was of bad character at the time of the contract, and that was unknown to the defendant, the verdict ought to be in his favor; 2. That if the plaintiff, after *24 the promise, had prostituted her person to anyone other'than the defendant, she thereby discharged the defendant; 3. That if her conduct was improperly indelicate, although not criminal, before the promise, and it was unknown to the defendant, it ought to be considered in mitigation of damages; 4. That if such was her conduct after tbe'promise, it was proper, in the same view, for the consideration of the jury.