Palmer
v.
Andrews.

---

## PALMER *vs.* ANDREWS.

In an action by a female for *breach of promise of marriage*, where it was shewn that she had been guilty of grossly indecent conduct, but whether *before* or *after* the promise, did not appear, and the jury, under the instruction of the circuit judge, that there was no middle course to adopt, that they must either give *exemplary damages* or *nothing*, found a verdict for $180 damages, a new trial was ordered ; the court *holding* that the evidence would have warranted a verdict for the defendant, and, at all events, that the conduct of the plaintiff should have been taken into consideration, in mitigation of damages.

THIS was an action for breach of promise of marriage, tried at the Cayuga circuit, in January, 1830, before the Hon. DANIEL MOSELEY, one of the circuit judges.

In the summer of 1826, the plaintiff, then about 17 years of age, went to reside with her brother, who lived about 60 miles

*See *Jackson* v. *Lawson*, 15 Johns. R. 539, and *Saltern* v. *Melhuish*, Ambler, 247

from the father's residence, where she became acquainted with the defendant, who paid her some attention, and promised her marriage. About the 1st of May, 1827, she returned to her father's home, and shortly afterwards proving to be with child, the defendant was called upon to marry her ; he acknowledged his promise, but omitted to perform it, and this suit was brought to recover damages. On the trial of the cause a witness, called by the defendant, testified that he had been in *bed* with the plaintiff frequently, but refused to say that he had carnal knowledge of her. The time when the promise of marriage was made was not shewn. The judge submitted to the jury the question whether the defendant was not absolved from the performance of his promise by the dissolute conduct of the plaintiff; observing that he saw no ground of neutrality, that the plaintiff was entitled to recover *exemplary damages* or *nothing*, and left the amount of damages to their discretion. The jury found a verdict for the plaintiff for $180, which the defendant moved to set aside.

*Ben Johnson*, for the defendant.

*J. Hussey*, for the plaintiff.

*By the Court*, SUTHERLAND, J. The judge misdirected the jury in instructing them that the plaintiff was entitled to recover *exemplary damages or nothing* ; that is, if the defendant was not entirely discharged from his promise of marriage by the reprehensible conduct of the plaintiff, he could not claim a mitigation of damages on the ground of such conduct. The rule in such case is clearly, and, as I apprehend, correctly stated, in *Boynton* v. *Kellogg*, 3 Mass. R. 189 : The judge who tried the cause ruled, 1st. That if the plaintiff was of bad character at the time of the promise of marriage, and that was unknown to the defendant, the verdict ought to be in his favor ; 2d. If the plaintiff *after* the promise, had prostituted her person to any other person but the defendant, she clearly discharged the defendant ; 3d. That if her conduct was improperly indelicate, although not criminal, *before the promise*, and it was unknown to the defendant, it ought to be considered in

mitigation of damages; 4th. That if such was her conduct *after the promise*, it was also proper for the consideration of the jury, in mitigation of damages. Now, although in this case the jury may not have believed that the plaintiff had *criminal connexion* with the witness *Peck*, either before or after the promise, and therefore were unwilling to find a verdict for the defendant; still, if they had not been controlled by the positive instructions of the judge, they would undoubtedly have taken into consideration her grossly indecent conduct with the witness, in mitigation of damages. If the jury believed the witness, who testified that he had frequently been in bed with the plaintiff, I think the verdict should have been for the defendant. Although he did not state in terms that he had criminal intercourse with the plaintiff, yet such was the fair conclusion from his testimony. The jury may have been unwilling, upon this testimony, considering the youth of the plaintiff, between 17 and 18 years of age, to give a verdict for the defendant; but they certainly ought to have taken her conduct into consideration, in mitigation of the damages. This they were directed not to do by the judge. That this evidence was admissible in mitigation, was expressly decided in *Willard* v. *Hone*, 7 Cowen, 22; and there the improper conduct proved, was after the defendant's breach of promise, and after all intercourse between the parties had ceased.

The promise was sufficiently proved. A new trial must be granted, for the misdirection of the judge, the costs to abide the event.