Hamilton *v.* Lomax.

———◆———

## HAMILTON *vs.* LOMAX.

26b 615
50ad102

A promise of marriage, by an infant, is not binding, and an action for the breach thereof cannot be maintained.

A person seduced cannot maintain an action for the seduction.

The only mode in which an action for seduction can be maintained is by bringing it in the name of some person having a right to the services of the female seduced, in which action damages may be recovered, not only for an actual loss of service, but for a sum sufficient, also, to punish the seducer.

MOTION by the defendant in an action for seduction, to be discharged from arrest. The plaintiff, Janet Hamilton, was twenty, and the defendant seventeen years of age. It appeared in evidence that the intimacy between the parties commenced at Toronto, Canada; that the parties came to the

city of New York together, under the pretended relationship of brother and sister; that they there had connection with each other, and the defendant promised to marry the plaintiff. The promise of marriage was corroborated by the evidence of a Mr. Nash, who heard the defendant say he intended to marry the plaintiff, when he heard from his father, who lived at Manchester, in England.

INGRAHAM, J. No complaint is submitted, on the motion, if any has been served, and it is difficult to say whether the arrest was originally intended to have been for a breach of promise of marriage, or for seduction. Upon the argument of the motion, the plaintiff's counsel stated it was not for the breach of promise of marriage, and sought to sustain it for the seduction.

The evidence so fully establishes the infancy of the defendant that no attempt has been made to contradict it, and this fact has probably led to the abandonment of any proceeding for the breach of such a promise. The cases of *Hunt* v. *Peak*, (5 *Cowen*, 475,) and *Holt* v. *Ward*, (2 *Strange*, 937,) fully establish that a promise of marriage by an infant is not binding, and an action for the breach thereof cannot be maintained. See also *Cameron* v. *Alebay*, (1 *Maul.* 76.) The ground on which the plaintiff claimed to sustain the arrest was for the seduction, alleging that the plaintiff had been defrauded by the false promise of the defendant. In no instance, however, is a promise to do something "*in futuro*" sufficient to sustain an action for deceit. All promises to pay money in consideration of goods to be sold, or for services to be rendered, are of the same character; and although they are not performed, still no action for fraud can be maintained upon them; the action must be on the promise itself. This case does not show any representation, or any promise, other than the promise to marry. So careful have the courts been to keep these causes of action separate, that in a case for seduction it was held to be erroneous to admit evidence of a promise

Hamilton *v.* Lomax.

of marriage, in attempting to prove the seduction. (*Gillet* v. *Mead,* 7 *Wend.* 193.) No case has been cited to show that a person seduced could maintain an action for such seduction, because the person seduced assents thereto. The only mode in which the action has ever been maintained has been by bringing such action in the name of some person having a right to the services of the person seduced, and allowing damages to be recovered, not only for actual loss of service, but for a sum sufficient also to punish the seducer; but such action can never be maintained in the name of the party seduced.

In the present case, from the plaintiff's own statement, it appears that she is under 21 years of age and lived with her mother. The latter has a right to bring an action for the loss of service of her daughter. In that action full recompense could be obtained for any injury caused by the defendant.

The statement of the plaintiff's first acquaintance with the defendant, as given by herself, is not of such a character as to relieve the case from suspicion. She states that her first acquaintance with the defendant was in the streets of Toronto after dark, and that she remained with him for three quarters of an hour, in the street; and her subsequent statements of her relations with him throw much doubt upon any supposed attempts of the defendant to deceive her. It is enough, however, to say that the law does not give the plaintiff a right of action, in her own name, for the seduction. It may be that there are some cases where such an action, if allowed, would give a party the redress to which she was entitled; but the legislature has not thought fit to authorize such an action to be brought, and until they do the courts have no authority to sanction the bringing it. As the law now permits parties to be witnesses in their own behalf, some of the difficulties which have heretofore stood in the way of allowing a female, who has been seduced, to maintain an action in her own name, have been obviated; but it is for the legislature, and not the courts, to apply the remedy. The defendant must be discharged.

[New York Special Term, March 1, 1858. *Ingraham,* Justice.]