---

## MARY KOENIG *v.* HIRAM NOTT.

A complaint in an action by a female alleged "that the defendant, with force and arms, ill treated and made an assault upon her, and then and there debauched and carnally knew her." *Held*, upon demurrer, a sufficient averment of an assault and battery.

A female upon whom a rape has been committed may maintain an action for the injury sustained. The right of action is not merged in the felony.

In actions brought in this court, it is not necessary to show affirmatively by the complaint, that the court has jurisdiction of the person of the defendant, or of the subject matter of the action. If such an objection exists it must be presented by demurrer or answer.

Per HILTON, J., dissenting.—In the absence of the material averment in the complaint, that the plaintiff was ravished without her consent, the action should be considered as having been brought for seduction: and which cannot be maintained by the party seduced.

The general rule in the construction of a pleading—that a party has stated his case

in the best way which it is capable of being stated—has not been altered by the Code.

The Code, by requiring pleadings to be liberally construed, does not mean that substantial averments may be omitted, and the omission disregarded.

APPEAL from an order made at special term, overruling a demurrer to the complaint. The complaint alleged "that on the 1st day of September, 1857, at the city of New York, the plaintiff was employed as a servant in the family of the defendant; that on the said date, at said city, the defendant, with force and arms, ill treated and made an indecent assault upon her, the said plaintiff, and then and there debauched and carnally knew her, the said plaintiff, whereby she (the said plaintiff) became pregnant and sick with child, and so remained and continued for the space of nine months then next following—at the expiration of which time, on the 24th day of May, 1858, she, the said plaintiff, was delivered of a child of which she was pregnant as aforesaid; that in consequence of said indecent assault made by the defendant on the plaintiff, she has suffered greatly in her health, and became sick and disordered, and so continued for the space of six months, during all which time she suffered great pain, and was prevented from transacting her necessary business and affairs, and has been greatly disturbed in her peace of mind, and has been otherwise greatly injured to her damage of one thousand dollars."

The defendant demurred on the following grounds: *First*, That this court has no jurisdiction of the person of the defendant or the subject of the action, as stated in the complaint. *Second*, That the complaint does not state facts sufficient to constitute a cause of action.

Judgment having been ordered for the defendant on the demurrer, the plaintiff appealed.

*Charles Waters*, for the appellant.

I. This complaint is not for a seduction or loss of services, but for an indecent assault and battery, made on the plaintiff by the defendant, of which it is " a concise and simple statement,"

as required by the Code of Procedure, § 142, subdivision 2, page 159.

II. The right of action of any person injured by any felony, shall not in any case be merged in such felony, or in any manner affected thereby. 2 Rev. Stat. (4th ed.) 563; see also Sedgwick on Damages, 497, and note and authorities there cited.

III. " Where the violation of a right admits of both a civil and criminal remedy, the right to prosecute the one is not merged in the other." Code, § 7, p. 19; see also *Boardman* v. *Gore*, 15 Mass. Rep. 336; *Bolen* v. *Alexander*, 6 Humph. Rep. 433; *Blessingame* v. *Glover*, 6 B. More, 38; *Foster* v. *Commonwealth*, 8 Watts & Serg. 77; *Cross* v. *Guthrie*, 2 Root (Conn.) 90.

*Wessel S. Smith*, for the respondent.

I. The complaint does not contain facts sufficient to constitute a cause of action; because, 1. The gist of the action, as stated in the complaint, is the debauching the plaintiff and getting her with child. The allegations of ill treatment and indecent assault are mere inducement to the main charge. *Shufelt* v. *Rowley*, 4 Cow. 58; *Moran* v. *Dawes*, id. 412; *Dain* v. *Wyckoff*, 3 Seld. 191. 2. This action can only be maintained by a parent, master, guardian, or one standing in *loco parentis*, for loss of service, and then, in order to maintain the action, it must be shown that there was the actual or constructive relation of master and servant, and the master must show that he has the right to the services of the female debauched. 3 Stephen's N. P. (ed. 1844) 2352 and cases; *Bartley* v. *Ritchmeyer*, 4 Com. 38, 43, 48, and cases. 3. But the seduced cannot support the action in her own name. Same cases; *Cowden* v. *Wright*, 24 Wend. 429, 430; *Whitney* v. *Hitchcock*, 4 Den. 461–463.

II. As to the alleged indecent assault, the plaintiff cannot maintain this action; because, 1. The complaint does not show that even a technical assault was committed. 2. It does appear, however, that the alleged assault was committed with the plaintiff's consent, and for the consequences of which she was *in pari delicto*, and therefore cannot maintain this action.

III. But taking the allegations in the complaint as true, they amount to a charge of rape, which is a felony. And where the injury sustained amounts to a felony, the civil injury is merged in the criminal offence, and no action can be sustained. 2 Stephens' N. P. 1005, and cases ; *Higgins* v. *Butcher*, Yelverton, 89, 90, and cases.

IV. The complaint is fatally defective in not stating facts to show that this court has acquired jurisdiction over the person of the plaintiff, or the subject matter of the action ; because, 1. The jurisdiction of this court is limited to the cases mentioned in the statute organizing the court. They have jurisdiction only in such cases, and all facts necessary to give jurisdiction must be averred in the complaint. Code (Voorhies' ed. 1855,) § 9, p. 21 ; id. § 33, p. 43 ; *Sheldon* v. *Wright*, 1 Seld. 497, 511, and cases ; *Frees* v. *Ford*, 2 id. 176, and cases ; see also, in connection, *Gage* v. *Stewart*, 4 J. R. 292 ; *Dakins* v. *Hudson*, 6 Cow. 221 ; *Cleveland* v. *Rogers*, 6 Wend. 438 ; *Lawton* v. *Erwin*, 9 id. 233 ; *People* v. *Koeler*, 7 Hill, 39, and cases ; *Grover* v. *Gould*, 20 Wend. 227. 2. The complaint is, therefore, fatally defective, in not averring that the plaintiff was a resident of, or personally served with the summons within the city and county of New York, or within the jurisdiction of this court. 3. This objection is properly and sufficiently raised by the demurrer, and is not waived by the defendant appearing and taking the objection. Code, §§ 144, 145, 146 ; *Belden* v. *N. Y. & H. RR. Co.*, 15 Pr. R. 17, and cases ; *Wilson* v. *The Mayor*, &c., id. 500.

V. The grounds of demurrer are sufficiently stated. Code, § 144, and cases, (ed. 1855).

DALY, First Judge.—The averment in the complaint is not of an assault merely, but of a battery also. The plaintiff avers that the defendant *with force and arms* made an *assault* upon her, and *then* and *there* debauched and carnally knew her. As every battery includes an assault, it is the usage in pleading to aver both, as is done here. (2 Chitty Pl. 851, 6th Am. ed.) The ground of action in this complaint is the debauching and carnally know-

ing the plaintiff, which is averred to have been done by force. The *vi et armis* clause is not limited to the averment of an assault, but is connected by the copulative with what follows, and relates equally to the debauching and carnally knowing That this is an averment of an assault and battery, does not, in my opinion, admit of a doubt. A battery, which, as before suggested, always includes an assault, and the statement of which in pleading is always accompanied by an averment of an assault, is any unlawful touching of the person of another, the degree of violence being immaterial; nor is it essential that the act should have been willfully done, as it will suffice if the facts relied upon show either that the defendant was in fault, or that the act was unlawful; (see cases collected in 2 Greenleaf's Ev. §§ 84, 85; 1 Saund. Pl. & Ev. 141, 5th Am. ed.); and certainly the averment here, that the defendant by force debauched and carnally knew the plaintiff, is a battery within this definition.

The doubt in respect to this complaint has arisen, I apprehend, from the pleaders employing the form of averment, "assaulted, debauched and carnally knew," which was usual in actions of trespass *vi et armis*, brought by a father for the seduction of his daughter, or by a husband for a criminal conversation with his wife. Thus, in *Woodward* v. *Walton*, (1 Bos. & Pul. N. S. 477), which was an action of trespass, the averment was, that the defendant, with force and arms, assaulted, debauched and carnally knew the plaintiff's daughter; and in *Rigaut* v. *Gallisard* (7 Mod. 80,) the court say, "if a man find another man in bed with his wife, he may have an assault and battery against him." Thus, in the forms in Chitty, for action of trespass *vi et armis* for criminal conversation or seducing a daughter, the averment is always, assaulted, debauched and carnally knew, (2 Chitty's Pl. 856, 6th Am. ed.), and to the same effect are numerous authorities. *Macfadzen* v. *Olivant*, 6 East. 387; *Bennett* v. *Olcott*, 2 T. R. 166; Bac. Abr., Marriage, E. 2. Although in such actions the injury is to the relative rights of the father or husband, yet as he is not supposed to assent to the act, it is regarded as done forcibly as against him, and for damages sustained by him *per quod*,

*servitium amisit,* or *per quod consoritium amisit,* trespass *vi et armis,* was considered a proper form of action.

Lord HOLT is reported to have said, in *Russell* v. *Corne,* (2 Ld. Ray. 1032 ; 1 Selk. 119), that a man could not maintain an action against another, for assaulting his daughter and getting her with child, unless there had been an unlawful entry into the plaintiff's premises, in which case the assault upon the daughter would be an aggravation ; but the accuracy of Lord Raymond's recollection of what was said by HOLT, was doubted in *Woodward* v. *Walton, (supra),* and the law was held to be otherwise, upon the authority of an earlier case than the one in Raymond, (*Guy* v. *Liversey,* Cro. Jac. 501; 2 Roll. R. 51), which was an action of assault and battery, in which the plaintiff recovered for a battery inflicted by the defendant upon him, and also for the loss of the service and companionship of his wife, who went with the defendant and lived with him in a suspicious manner; and *Cholmley's Case,* cited in the foregoing, where a man brought an action for the battery of his wife, and recovered for the injury to him thereby. A man might, therefore, bring trespass *vi et armis* for the seduction of his wife, daughter or servant, or for an assault and battery upon them, and hence the averment of assaulted, debauched and carnally knew, in all the forms—for whether the carnal knowledge was with or against the will of the wife or daughter, the action was equally maintainable. No forms appear in a case like the one now before us, because for seduction the women had no cause of action, (*Hamilton* v. *Lomax,* 26 Barb. 615), and if a carnal knowledge of her person was obtained against her will, it was a rape, and the civil action was merged in the felony. Our statute has changed the law in this respect, (3 R. S. 589, 5th ed.), and a woman, upon whom a rape has been committed, may maintain an action for the personal injury, and in stating her cause of action, it is sufficient if her complaint conforms to what was essential in the way of averment in actions of trespass for injuries to the person.

The averment of the plaintiff here is that the defendant made an indecent assault upon her, and then and there debauched and

carnally knew her. It has been shown, from the cases cited, that upon the averment, assaulted, debauched and carnally knew, a father or husband might bring an action for the injury done to him by an assault and battery upon the person of his wife or daughter; and if that form of averment would be sufficient in an action by him for the injury done to his relative right, it would be equally so in an action by the daughter for the direct injury done to her. It is an averment of an injury to the person, unlawfully inflicted, by force, and sufficiently describes the act that caused the injury whoever brings the action.

The demurrer in this case was interposed and sustained by the judge at the special term, upon the assumption that the words, made an indecent assault, and then and there debauched and carnally knew, imported nothing more than the seduction of the plaintiff, for which she could maintain no action. I have already pointed out the mistake that the party demurring has fallen into, as I suppose, from finding these words exclusively used heretofore in actions for seducing a daughter or a wife, and inferring thereby that they amounted to nothing more than an averment of seduction. And I also apprehend that he has not entirely comprehended the full extent of the meaning of the word "debauched," which the plaintiff has used as descriptive of the act or injury done to her, and which, in our ordinary dictionaries, is defined "enticed, led astray, vitiated or corrupted;" but which, especially when used as a legal word, has a more extended signification. The verb "to debauch" is a word of French origin, compounded of the preposition "de," from, and "bauche," an old Armorican word in use in Brittany, meaning shop, and signifying, in its compound sense, to entice or draw one away from his work, employment, or duty. *Lunier, Dictionairie des Sciences et des Arts, Paris,* 1805. It is in this sense of enticing and corrupting that it came into use in our language, as will be found by a reference to one of the earliest authorities for the meaning of English words, (Phillips' New World of Words, 1696,) where it is defined "to corrupt one's manners, to make lewd, to mar or spoil;" a sense in which it had been previously used by Ben

Jonson and by Shakspeare.    Bailey, in his Dictionary, some twenty years after, adds further, "to seduce and vitiate a woman." As applied to a woman, the word, as thus defined, meant merely seduction.    But in the folio edition of Bailey (by Scott, 1755), the meaning of the word was extended "to seduce and *violate* a woman."    It is in this twofold sense that it is used in the law forms, and which it has now fully acquired as a general word. McKenzie, in his English Synonyms, (London, 1854), defines it to "ravish, deflower, violate;" and it is used in Worcester's Diction-ary (Boston, 1847), as an appropriate definition for the word "con-stuprate," from the Latin *constupro*, meaning to violate.    There is authority, therefore, in the legal forms and in the lexicographers, for the use of the word in the sense in which the plaintiff has employed it.    But the complaint would be good even without this word.    The words assaulted, and then and there carnally knew, are sufficient.    In *Tullidge* v. *Wade*, (3 Wils. 18), which was an action of trespass, the averment was simply that the de-fendant, with force and arms, made an assault upon the plain-tiff's daughter, and got her with child.    Here there was nothing imputing seduction—no word capable of that signification—yet the sufficiency of the averment to sustain an action of trespass was not questioned; a case in respect to which Sir James Mans-field remarked, in *Woodward* v. *Walton*, (*supra*), that there was no doubt that "every objection would have been made to the form of the declaration which could avail the defendant."    For these reasons, I think the demurrer to the complaint was not well taken.

BRADY, J.—The complaint in this case is, in form, the state-ment of a rape committed upon the plaintiff by the defendant, and one of the questions presented by the appeal is, whether for such violence the party aggrieved can maintain an action to re-cover damages.    In England, the civil right to sue for injuries occasioned by a felony was not merged or destroyed, but sus-pended until conviction or acquittal.    It is there said to be the duty of the party injured to bring the offender to justice, or to

make some effort thereto, and that until that duty is performed, he cannot maintain an action. 2 Black. Com. (Book 4, page ) cd. 1836, note 8. Blackstone, in the text, places the doctrine upon the ground that, "as the public crime is not otherwise avenged than by forfeiture of life and property, it is impossible afterwards to make any reparation for the private wrong, which can only be had from the body or goods of the aggressor." The rule will also be found stated in Sedgwick on Damages, page 471, (2d ed.), with a reference to cases, showing that it has not prevailed in this country. It does not now prevail in this state, and I have not been successful in finding any case in which it was ever enforced. The statute is express on the subject. The right of action of any person injured by any felony shall not, in any case, be merged in such felony, *or be in any manner affected thereby.* 2 Rev. Stat. 563, (6th ed.)

This statute has removed any impediments that may have existed by the common law, and, therefore, for the assault and battery committed by the defendant, the plaintiff has a right of action which may be enforced, and on the trial of which she could prove, in aggravation of damages, the consequences of that assault. The gist of the action, however, is force and violence. If the plaintiff consented to the debauchery she cannot recover, and it should appear by the complaint that such was not the case. The Code requires a plain and concise statement of the facts constituting the cause of action, and provides that the sufficiency of a pleading shall be determined by the rules therein prescribed. Sections 140, 141. The plaintiff, in the statement of the violence committed by the defendant, charges that the defendant, "with force and arms ill treated, and an indecent assault made upon her, and then and there debauched and carnally knew her, whereby she became," &c. Under the former system of pleading, when it was material to rely upon actual force, as in the case of a forcible entry, the words *manu forti,* or "with strong hand," should be adopted; but in other cases *vi et armis,* "or with force and arms," were sufficient. 1 Chitty's Pl. 143, (6th Am. ed.) And in actions of assault and

battery, the declaration charged that the defendant, on a certain day and place, assaulted the plaintiff, and then proceeded to state the grievance according to the facts. See 2 Chitty's Pl., (ed. *supra*,) pages 848, 849. The complaint herein, in adopting the phraseology of the old forms, has departed from the rules which the legislature has established; but the facts embraced in the complaint, though improperly stated according to the existing provisions, are, nevertheless, sufficient to constitute a cause of action. If the defendant, with force, ill treated the plaintiff, and made an indecent assault upon her, and with force debauched her, upon the conclusions herein expressed a cause of action exists, and though to the form of stating it there may be an objec tion, that objection is not the subject of demurrer. Code, § 144. The remedy, if any, is by motion to make the complaint more definite and certain. Code, § 160.

The remaining question is embraced in the proposition, that the complaint is fatally defective in not stating that this court has acquired jurisdiction over the person of the plaintiff, or the subject matter of the action, and this objection is predicated of the fact that it does not appear that the defendant was a resident of, or personally served with process within the city and county of New York, or within the jurisdiction of this court. The answer to this proposition is simple. The defendant may demur to the complaint when it shall appear upon the face thereof that the court has no jurisdiction of the defendant, or the subject of the action. Code, § 144. And when that does not appear upon the face of the complaint, the objection may be taken by answer. Code, § 147. It does not appear, upon the face of the complaint, either that the court has no jurisdiction of the defendant, or of the subject matter of the action, and therefore the cause of demurrer does not exist. If the court, in fact, has no such jurisdiction, the defendant must set it up by answer, and his demurrer upon that ground fails.

I think the judgment of the special term should be reversed.

HILTON, J., (dissenting).—The complaint alleges that on Sep-

Koenig v. Nott.

tember 1, 1857, at New York city, the plaintiff was employed as a servant in the defendant's family, and on that day the defendant, "with force and arms," ill treated and an indecent assault made upon her, and then and there debauched and carnally knew her, whereby she became pregnant and sick with child, and so remained for nine months thereafter, at the expiration of which time she was delivered of the child. That in consequence of such indecent assault she has suffered greatly in her health, became sick and disordered, and so continued for six months, suffering great pain; was prevented from attending to her business, and has been greatly disturbed in her peace of mind, and otherwise greatly injured, to her damage $1,000, for which judgment is demanded.

The defendant demurs upon two grounds: 1st. That this court has no jurisdiction of the person of the defendant, or the subject of the action. 2d. That the complaint does not state facts sufficient to constitute a cause of action.

For the reasons stated by Judge BRADY, I am of opinion that the first ground of demurrer is untenable; but I do not concur with him in his conclusion that the complaint states facts sufficient to constitute a cause of action.

It is a general rule, in the construction of a pleading, that the court must assume that the party has stated his case in the best way in which it is capable of being stated, and this rule has not been altered by the Code, (sec. 159), which requires pleadings to be liberally construed, with a view to substantial justice between the parties. Liberally, as here used, means that if, from the whole pleading, it can be seen that a party has a cause of action or defence, he shall not be deprived of it because he has stated it in an improper or informal manner; but it does not mean that substantial averments may be omitted, and the omission disregarded.

It is claimed by the plaintiff that the complaint shows, as a cause of action, an *indecent assault and battery* committed by the defendant on her, whereby she was injured and sustained damage. An action of this nature is so easily stated—rests upon

such simple facts—that there should be no difficulty in deter-mining whether the allegations in the complaint are such as, lib-erally construed, show that such a cause of action really exists.

To my mind, the complaint does not show such a cause of action. It does not, in terms, allege that a rape was committed upon her, and a felony of such a nature should not be presumed in the absence of the *material averment*, that the intercourse was a *ravishment*, to which she in nowise consented. Nor can we infer from it that the defendant committed an assault *and battery* upon her, as the legal signification of the language used is, that he threatened her without touching her person, and it is not stated that by the threatening she was in any degree put in bodily fear.

Upon the most liberal construction of the complaint, this should, in my opinion, be considered as an action brought for debauching and seducing the plaintiff, and as it is conceded that an action of such a nature cannot be maintained by the party seduced, (*Barclay* v. *Richmeyer*, 4 Comst. 48; *Whitney* v. *Hitch-cock*, 4 Denio, 461), I am of opinion that the order appealed from sustaining the demurrer should be affirmed.

Order appealed from reversed.