ALCESTE BUTTON, RESPONDENT, *v.* EMANUEL McCAU-
LEY, APPELLANT.

*Breach of Promise—Evidence—Mitigation—Conduct of Plaintiff.*

In an action for damages for a breach of promise to marry, it is competent to
prove any misconduct on the part of the Plaintiff, showing her to be an unfit
companion in married life, in mitigation of damages.

Under the general issue in such action it is competent for the Defendant to
prove in mitigation of damages that Plaintiff was in the habit of drinking in-
toxicating liquors to excess.

*W. F. Cogswell* for Respondent.
*T. R. Strong* for Appellant.

GROVER, J.—The declaration of Defendant to the Plaintiff that
he would make a good home for her, was competent evidence,
in connection with the other conversation had at the time. It
tended to prove the contract of marriage alleged by the Plain-
tiff. The same may be said of his declaration to her, that he would
build a brick house, and fit it up nice, keep a carriage, &c.

The Defendant offered to prove that the Plaintiff, while she
was living with him, drank intoxicating liquors to excess, and
sometimes got intoxicated. The Plaintiff objected to this proof.
The objection was sustained, and the Defendant excepted. The
case is very brief, and does not fully show the evidence that had
been given.

When this proof was offered, the fair intendment from the case
is, that the Defendant, although unmarried, had a family with
which he lived; that the Plaintiff lived with him, for a time,
as housekeeper. That the courtship was had, and the prom-
ise of marriage was made, while she so lived with him. The
Plaintiff's counsel insists that the evidence was not admissible
under the answer. The answer was a general denial only.
Under this answer it is clear that the evidence offered was not
competent as a defence to the action (Code, § 149 ; McKyring *v.*

Bull, 16 N. Y. Rep. 279). It was admissible under the answer, in mitigation of damages, if competent for that purpose (Travis *v.* Barger, 24 Barb. 614, and cases cited). I think the evidence was competent in mitigation of damages (Palmer *v.* Andrews, 7 Wend. 142; Willard *v.* Stone, 7 Cowen, 22, and cases cited). In these cases the evidence related to unchaste and immodest conduct, and it was held competent, either in bar or mitigation, according to the particular facts established.

The reasoning of the Court shows that any misconduct showing that the party complaining would be an unfit companion in married life, may be given in evidence, in mitigation of damages. It requires no argument to prove that habits of intoxication render the party addicted to them thus unfit.

It is insisted by the Plaintiff's counsel, that the evidence being inadmissible under the pleadings as a defence, the counsel should have specified in his offer the purpose for which he proposed to introduce it. This position cannot be sustained. When there is an offer of evidence competent for any purpose in the cause, and the evidence is rejected, it is error, although not competent for other purposes in the action. In Travis *v.* Barger (supra), the ruling of the Judge at circuit was sustained, upon the ground that it appeared that the evidence rejected was offered as a defence to the action, and that it was properly rejected as inadmissible, under the answer, for that purpose.

Under these circumstances, if the evidence is admissible for some other purpose, the counsel should specify such purpose. This is all that the case decides upon this point.

In the present case, the offer was general, and the ground of the rejection does not at all appear.

All that the case shows is, that competent evidence in mitigation of damages was offered and rejected, without anything showing the purpose of the offer or ground of rejection.

It is further insisted that the Defendant may have induced the Plaintiff to drink, or may have known of this habit, at the time of entering into the contract.

The answer to this is, that if such facts existed, it was incum-

bent upon the Plaintiff to prove them. The Defendant in his offer was not bound to negative them.

My conclusion is, that the judgment appealed from should be reversed, and a new trial ordered.

All reverse, except PARKER and HUNT, JJ.