## BUTTON v. McCAULEY.

December, 1867.

Reversing 38 *Barb.* 413.

In an action for breach of promise of marriage, defendant's declarations that he would make a good home for plaintiff, are admissible as part of his conversations with plaintiff, relied on to establish the promise of marriage.

Under a general denial, in such an action, evidence that plaintiff drank intoxicating liquors to excess although not competent as a defense, is admissible in mitigation of damages.

Any misconduct showing that plaintiff would be an unfit companion in married life, may be given in evidence in mitigation of damages.

Under the general issue, in such an action, in offering evidence in mitigation of damages, the defendant is not bound to declare that he offers it

Button *v.* McCauley.

for that purpose. If the evidence is competent for any purpose, it is error to reject it, although incompetent for other purposes.

If the plaintiff's intoxication was connived at by defendants, the burden of proof is upon plaintiff to show such connivance.[*]

Alceste Button brought this action in the supreme court against Emanuel McCauley, to recover damages for an alleged breach of a promise of marriage. The defendant's answer was a general denial.

On the trial, plaintiff's testimony tended to establish defendant's promise of marriage; and showed that he had promised to make her a comfortable home, to leave her well provided for; to build a house and furnish it, and provide a team for her, &c.

The court excluded testimony, which defendant offered, without specifying whether in defense, or in mitigation of damages, to show that plaintiff, while living with him as housekeeper, drank intoxicating liquors to excess.

The jury found a verdict for plaintiff for five hundred dollars; defendant's motion for a new trial was denied.

*The supreme court* affirmed the judgment upon the grounds that the evidence offered was new matter, not set up in the answer, and therefore not admissible as a defense: that it was not expressly offered in mitigation, and if it had been, it was not error to exclude it, because the offer did not in terms relate to the time of the existence of the promise, nor exclude the idea that defendant participated in the alleged excesses, nor did it amount to an offer to show disolute or unchaste conduct, or general reputation. (Reported in 38 *Barb.* 413.) Defendant appealed.

*T. R. Strong,* for defendant, appellant.

*W. F. Coggswell,* for plaintiff, respondent.

BY THE COURT.—GROVER, J.—The declaration of defendant to the plaintiff that he would make a good home for her, was competent evidence, in connection with the other conversation

[*] Compare, as to all these points, Kniffien *v.* McConnell, 30 *N. Y.* 285. And see Thorn *v.* Knapp, 42 *N. Y.* 474.

had at the time. It tended to prove the contract of marriage alleged by the plaintiff. The same may be said of his declaration to her, that he would build a brick house, and fit it up nice, keep a carriage, &c.

The defendant offered to prove that the plaintiff, while she was living with him, drank intoxicating liquors to excess, and sometimes got intoxicated. The plaintiff objected to this proof. The objection was sustained, and the defendant excepted. The case is very brief, and does not fully show the evidence that had been given.

When this proof was offered, the fair intendment from the case is, that the defendant, although unmarried, had a family with which he lived; that the plaintiff lived with him, for a time, as housekeeper. That the courtship was had, and the promise of marriage was made, while she so lived with him. The plaintiff's counsel insists that the evidence was not admissible under the answer. The answer was a general denial only. Under this answer it is clear that the evidence offered was not competent as a defense to the action. *Code of Pro.* § 149; McKyring *v.* Bull, 16 *N. Y.* 297. It was admissible under the answer, in mitigation of damages, if competent for that purpose. Travis *v.* Barger, 24 *Barb.* 614, and cases cited. I think the evidence was competent in mitigation of damages. Palmer *v.* Andrews, 7 *Wend.* 142; Willard *v.* Stone, 7 *Cow.* 22, and cases cited. In these cases the evidence related to unchaste and immodest conduct, and it was held competent, either in bar or mitigation, according to the particular facts established.

The reasoning of the court shows that any misconduct showing that the party complaining would be an unfit companion in married life, may be given evidence, in mitigation of damages. It requires no argument to prove that habits of intoxication render the party addicted to them thus unfit.

It is insisted by the plaintiff's counsel that the evidence, being inadmissible under the pleadings as a defense, the counsel should have specified in his offer the purpose for which he proposed to introduce it. This position cannot be sustained. When there is an offer of evidence competent for any purpose in the cause, and the evidence is rejected, it is error, although not competent for other purposes in the action. In Travis *v.*

Barger, *supra*, the ruling of the judge at circuit was sustained, upon the ground that it appeared that the evidence rejected was offered as a defense to the action, and that it was properly rejected as inadmissible, under the answer, for that purpose.

Under these circumstances, if the evidence is admissible for some other purpose, the counsel should specify such purpose. This is all that the case decides upon this point.

In the present case, the offer was general, and the ground of the rejection does not at all appear.

All that the case shows is, that competent evidence in mitigation of damages was offered and rejected, without anything showing the purpose of the offer, or ground of rejection.

It is further insisted that the defendant may have induced the plaintiff to drink, or may have known of this habit, at the time of entering into the contract.

The answer to this is, that if such facts existed, it was incumbent upon the plaintiff to prove them. The defendant, in his offer, was not bound to negative them.

My conclusion is, that the judgment appealed from should be reversed and a new trial ordered.

A majority of the judges concurred.

Judgment reversed, and new trial ordered, costs to abide event.