By the Court.
The demurrer was rightfully overruled, A contract to marry, made by an infant, stands upon the same footing as respects his right to repudiate it, as any other executory contract that may be avoided by him. The case comes within the general rule, that the contract of an infant, is voidable at his election. The fact that under the statute (67 Ohio L. 6) an infant may be joined in marriage at the age of eighteen, if a male, and sixteen, if a female, having first obtained the assent of the father, or, in. case of his death or incapacity, of the mother or guardian, does not affect the right to refuse to perform the contract.
The right to avoid or disaffirm the contract of an infant grows out of his supposed incapacity to protect himself from improvident bargains and relations. And there *522 can be no case where the right to avoid or disaffirm is of more vital concern to his future welfare than where he has made an improvident marriage engagement. The infant’s right to avoid such engagement or contract is affirmed by the following authorities. Holt v. Ward, 2 Strange, 937; Cannon v. Alsbury, 1 A. K. Marshall, 56; Hunt v. Peake, 5 Cow. 475; Williard v. Stone, 7 Cow. 22; Warwick v. Cooper, 5 Sneed, 659; Pool v. Pratt, 1 Chip. (Vt.) 252; Bac. Ab., title Infancy and Age, 135; 1 Chitty on Con. 222; Shouler’s Domestic Rel. 535; Mackpherson on Infants, 121.

Leave refused.