MARY E. LEICHTWEISS, by ANNIE LEICHTWEISS, her Guardian, Respondent, *v.* HANS TRESKOW, Appellant.

*An infant is not liable to an action for a breach of a promise to marry.*

An action for a breach of a promise to marry will not lie against an infant, even though the plaintiff may, by reason of such promise, have been induced to allow him to have connection with her.

Appeal from a judgment, in favor of the plaintiff, entered on the verdict of a jury at a Circuit, and from an order denying a motion for a new trial, made on the minutes of the justice before whom the action was tried.

*Henry Bischoff, Jr., and Wm. C. Clifford,* for the appellant.

*Adolph Cohen,* for the respondent.

Brady, J.:

This action was brought to recover damages for breach of promise of marriage. The case, on the evidence, is an aggravated one, because, according to the plaintiff's statement, she yielded to the solicitations of the defendant under the promise of marriage, and permitted him to have connection with her. He set up, however, as a defense, that at the time of the promise of marriage made, if any, he was an infant under the age of twenty-one years.

Upon the trial the plaintiff testified that he named the 16th of March as the day of their marriage, which was his birthday; and, on cross-examination, said that he gave as a reason for selecting that as a day for the marriage that he was not of age, and would not be until that time. The defendant testified as to his age, and called his uncle, Charles Jouin, who gave testimony to the same effect; all the evidence tending to establish, beyond doubt, the fact that the defendant at the time the promise was made was, as he claimed to be, an infant. The learned justice presiding thought the defendant had been guilty of perjury; taking his testimony, upon the trial, and his answer, into consideration, and felt it his duty to commit him for

the offense. Just before the testimony was closed, a discussion in reference to that took place, in which the counsel for the defendant asked the learned justice whether his client was committed for perjury on the stand or in his answer, to which the court responded, "In the answer." The counsel for the defendant then asked the court to charge the jury, that if they believed the defendant was under twenty-one years of age *at this time*, they must find a verdict for the defendant, which the court denied, and the defendant's counsel excepted. The charge contains no allusion to the defense of infancy. It is impossible, therefore, that the verdict can stand. The defense of infancy is a good one, and though the request mentioned, abstractly considered, may be regarded as indefinite from the use of the words " at this time;" nevertheless, taken in connection with the observation of the defendant's counsel immediately preceding it, viz. : " Our defense is that, he being under age, the promise is not binding," makes it sufficiently definite, particularly when we take into consideration the fact that infancy was set up as a distinct defense.

In *Holt* v. *Ward* (2 Strange, 937), it was decided that a contract to marry by an infant is not void but voidable, although a person of full age, contracting with an infant, is bound by it; and hence an infant might maintain an action against an adult, but an infant defendant. was not liable. This case is approved, and the decision based upon it, in *Hunt* v. *Peake* (5 Cow., 475). In *Hamilton* v. *Lomax* (26 Barb., 615), both these cases were considered, and it was declared that a promise of marriage by an infant was not binding, and further, that a person seduced could not maintain an action for the seduction. The same result was declared in the case of *Fiebel* v. *Obersky* (13 Abb. Pr. N. S., 403). Even, however, if the request, made on behalf of the defendant, was so indefinite as to be objectionable and unworthy of consideration, nevertheless, as the infancy of the defendant was one of the issues presented by the pleadings and tried, any suggestion in relation to it was sufficient, because it is the duty of the justice presiding to submit the issues created by the pleadings, and sustained by the evidence, to the jury for their consideration. There must be a mistrial where the issues are not thus treated.

Under all the circumstances, we cannot but regret that we are

obliged to pronounce this judgment, because the defendant, on the evidence, unless excused by nonage, was justly punished.

The judgment must be· reversed, and a new trial ordered, with costs to abide event.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment reversed, and new trial ordered, costs to abide event.