(19 Misc. Rep. 647.)

## STROMBERG v. RUBENSTEIN.

(Supreme Court, Appellate Term, First Department.  March 25, 1897.)

GIFT TO INFANT—CONSIDERATION OF MARRIAGE—RECOVERY OF BREACH.

A man cannot, because his fiancée broke the engagement, recover during her infancy the engagement ring given to her by him.

Appeal from Fifth district court.

Action by Philip Stromberg against Carrie Rubenstein. There was a judgment in favor of plaintiff, and defendant appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

A. B. Schleimer, for appellant.

S. Feuchtwanger, for respondent.

McADAM, J.  The action is in replevin for the possession of a diamond ring given by the plaintiff to the defendant under the following circumstances: The plaintiff was paying attentions to the defendant, and on October 18, 1895, there was an engagement party at her house, the parents and friends of both parties being present, and there was a banquet in honor of the occasion. On the following morning the plaintiff presented the ring in question to the defendant, and it bore the inscription, "P. S. to C. R., Oct. 19th, 1895." The plaintiff testified that he gave the defendant the ring in consideration of their engagement and in anticipation of marriage. That there was a mutual promise to marry is conceded, and the plaintiff's grievance is that the defendant afterwards repudiated her part of the contract, and upon this ground the justice gave him a judgment for a return of the ring. It might have been prudent for the defendant to have returned the token to the plaintiff when she concluded to discard him; but this is matter of ethics, and we must deal solely with the legal phase of the controversy. The rule is that a promise to marry made by an infant of marriageable age is a good consideration for a corresponding promise by an adult, and the former may enforce the promise to her by an action for damages for a breach, while the adult in such case is remediless. 1 Bish. Mar. & Div. (Ed. 1891) § 206; Willard v. Stone, 7 Cow. 22; Hamilton v. Lomax, 26 Barb. 615; Fiebel v. Obersky, 13 Abb. Prac. (N. S.) 403, note. The plaintiff knew when he gave the ring to the defendant that he was parting with all dominion over the property, that the gift was irrevocable, and that, as the defendant was under legal age, her promise could not be enforced if she chose to plead infancy in defense. He was content, then, to rely upon her honor for the performance of her promise, and cannot now reclaim the property because she jilted him. Were this a case where the action had been brought after the infant attained majority, still having possession of the property, a more difficult question would be presented. But granting that the transaction involved was in the nature of a contract, rather than a gift, the result is the same. Though an infant is free to disaffirm a contract, yet the consideration received must be restored upon disaffirmance, provided it has not been parted with during infancy. Recovery can be had only of such part as

remains in specie after majority.　10 Am. & Eng. Enc. Law, 655. Here, however, the defendant is still an infant, and has sold the diamond, and it does not appear that she still has the proceeds.　She has the ring setting, but, as its value apart from the stone has not been established, the judgment cannot be modified as to the setting alone, even if a recovery to that extent could be sustained against an infant.　We are unable to find any solid legal ground upon which the recovery can be sustained.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event.　All concur.