CHOLODNICKA v. GLONICLZEK.

(Supreme Court, Appellate Division, First Department. April 4, 1912.)

1. ASSAULT AND BATTERY (§ 24*)—PLEADING—COMPLAINT—SUFFICIENCY.
    A complaint alleging that defendant "with force and violence" made an indecent assault upon plaintiff, and "forcibly" debauched and ravished and carnally knew her, states a good cause of action for assault, without alleging that plaintiff resisted to the utmost of her ability; the ravishment being alleged merely in aggravation of damages.
    [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. §§ 25–35; Dec. Dig. § 24.*]

2. ASSAULT AND BATTERY (§ 39*)—EVIDENCE—AGGRAVATION OF DAMAGES.
    In an action for an assault, wherein plaintiff claims that defendant assaulted and ravished her, she cannot recover aggravated damages without proving resistance on her part.
    [Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 54; Dec. Dig. § 39.*]

Appeal from Special Term, New York County.

Action by Stanislava Cholodnicka against Stanislaw Gloniclzek. From an order vacating an order of arrest, plaintiff appeals. Reversed, and motion to vacate denied.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Elias Rosenthal, for appellant.
C. S. Lorentzen, for respondent.

MILLER, J. The motion was made upon the papers upon which the order was granted, an unverified complaint and two supporting affidavits.

[1] The real question involved on the appeal is whether the complaint states a cause of action, and that depends upon the construction of the third paragraph, which is as follows:

"Third. That on Thursday, the 30th day of November, 1911, at 544 East Seventeenth street, in the borough of Manhattan, city of New York, at about 3 p. m. of that day, the defendant entered the house of the plaintiff, and with force and violence made an indecent assault upon her, and then and there forcibly debauched and ravished and carnally knew the plaintiff."

In the supporting affidavit the plaintiff states that the defendant gagged her mouth by placing her apron therein, forced her into the bedroom, threw her upon the bed, and held her hands behind her back while he performed the act of sexual intercourse. If the statements in the affidavit are true, there can be no doubt that the defendant committed an assault upon the plaintiff. It is also plain that the complaint alleges an assault, if the words "force and violence" and "forcibly" are to be given any effect whatever. It is to be inferred from the language of the complaint that the defendant acted against the plaintiff's will.

The only case directly in point to which our attention has been called is Koenig v. Nott, 8 Abb. Prac. 384, decided in 1859 by the General Term of the New York Common Pleas, in which a similar averment was held good on demurrer. The respondent, relying principally upon an expression in the opinion in Dean v. Raplee, 145 N. Y. 319, 39 N. E. 952, asserts that the complaint is fatally defective for not alleging that the plaintiff resisted to the utmost of her ability. It is to be observed that in that case the court really applied the law of the case as charged by the trial court. This is strictly an action for assault; the ravishing of the plaintiff by the defendant being alleged in aggravation of damages. We think she has stated a cause of action for assault.

[2] It is to be observed, however, that we are dealing now only with a rule of pleading. Although the statement in Dean v. Raplee, supra, to the effect that the trial court had charged the correct rule, was not necessary to the decision, it would seem that it was a deliberate utterance, intended to express the view of the court, and, according to the rule thus stated, the plaintiff will have to prove that she resisted in order to recover aggravated damages for her defilement.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.