PHILIP P. ROSENBERG, Respondent, *v.* SYLVIA LEWIS, Appellant.

First Department, November 14, 1924.

Replevin — action to recover jewelry alleged to have been given defendant, an infant, in reliance on her promise of marriage — complaint alleges refusal of defendant to marry plaintiff and that gifts were made conditionally upon her fulfilling promise — complaint is insufficient for failure to allege facts showing that gift was conditionally made — conversion — complaint based on same facts is insufficient.

A complaint in an action of replevin is insufficient which alleges that after the defendant, an infant, promised to marry the plaintiff the plaintiff, " relying upon the defendant's promise to marry him, and conditionally upon the defendant's fulfillment of her said promise to marry the plaintiff," gave certain valuable pieces of jewelry to the defendant, and that the defendant repudiated her promise and refused to marry the plaintiff. It is essential to the statement of a cause of action for the recovery of jewelry so given to allege facts to show that there was an understanding that the jewelry was given to the defendant upon the express condition that it was to be returned in case she failed to marry the plaintiff.

The second cause of action stated in the complaint does not state facts sufficient to constitute a cause of action in conversion, since it fails to show any title or right to the possession of the jewelry, and the mere allegation that the plaintiff gave the jewelry to the defendant in reliance upon her promise to

marry him is not sufficient, in the absence of some allegation of facts showing that she agreed to return the jewelry in case of her failure to perform her promise. SMITH and FINCH, JJ., dissent.

APPEAL by the defendant, Sylvia Lewis, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of October, 1923, denying the defendant's motion to dismiss the complaint, made under subdivision 9 of rule 107 of the Rules of Civil Practice, on the ground that the defense of infancy may be waived and, until the contrary appears by answer, the complaint must be deemed sufficient.

*Samuel Brand*, for the appellant.

*C. Edward Benoit* [*Maurice Gevirtz* with him on the brief], for the respondent.

MARTIN, J.:

The plaintiff seeks to recover articles of jewelry given to the defendant in anticipation of marriage. The complaint contains two counts.

In the first it is alleged that plaintiff and defendant " became engaged and mutually agreed each to marry the other; " that plaintiff, " relying upon the defendant's promise to marry him, and conditionally upon the defendant's fulfillment of her said promise to marry the plaintiff and in consideration and in anticipation of said marriage," gave to the defendant certain valuable pieces of jewelry referred to more particularly in Schedule A annexed to the complaint; that the defendant repudiated her promise and refused to marry the plaintiff; and that plaintiff duly performed said agreement on his part, except as prevented therefrom by defendant, and has been damaged to the extent of the value of the jewelry.

Assuming that there was a promise of marriage and that, relying upon that promise, plaintiff presented gifts to defendant which she now refuses to return, although she has broken her promise to marry, we are not warranted in concluding that the gifts were given upon condition that they would be returned if defendant refused to keep her promise.

Gifts of the kind referred to may be conditionally made, but to state a cause of action for their recovery the complaint must allege facts to show that there was an understanding that they were so presented to the donee. Where an unconditional gift is made, title passes to the donee and its return may not be enforced by the donor. The complaint fails to show that the defendant knew that any such condition attached to the gifts or that she agreed to return them if she failed to marry the plaintiff.

In *Stromberg* v. *Rubenstein* (19 Misc. Rep. 647) the law governing such gifts is set forth as follows:

" That there was a mutual promise to marry is conceded, and the plaintiff's grievance is that the defendant afterwards repudiated her part of the contract, and upon this ground the justice gave him a judgment for a return of the ring. It might have been prudent for the defendant to have returned the token to the plaintiff when she concluded to discard him; but this is matter of ethics, and we must deal solely with the legal phase of the controversy.

" The rule is that a promise to marry made by an infant of marriageable age is a good consideration for a corresponding promise by an adult, and the former may enforce the promise to her by an action for damages for a breach, while the adult in such case is remediless. 1 Bish. M. & D. (ed. of 1891), § 206; *Willard* v. *Stone*, 7 Cow. 22; *Hamilton* v. *Lomax*, 26 Barb. 615; *Fiebel* v. *Obersky*, 13 Abb. Pr. (N. S.) 403, note.

" The plaintiff knew when he gave the ring to the defendant that he was parting with all dominion over the property; that the gift was irrevocable, and that as the defendant was under legal age her promise could not be enforced if she chose to plead infancy in defense. He was content then to rely upon her honor for the performance of her promise, and cannot now reclaim the property because she jilted him."

The second count sounds in conversion and embraces similar allegations with others suitable to a cause of action for conversion.

It is sought by these allegations to set forth such a cause of action, but the complaint fails to show any title to, or right to possession of, the presents. The fact that plaintiff gave them to defendant because *he* relied upon her promise to marry him does not make it incumbent upon her to return the articles if she never expressly or impliedly agreed or assented that the articles would be returned if the promise to marry should not be fulfilled. When he made a gift of the jewelry, title passed to her and the action for conversion may not be maintained. There are no facts. pleaded to show that the title in these articles or the right to possession remained in plaintiff. There should be allegations of necessary facts, and not merely such as indicate the mental operation of the donor's mind.

In other jurisdictions such an assent or duty to return gifts under similar circumstances seems to be implied in law; but we believe the opinion in *Stromberg* v. *Rubenstein* (*supra*) correctly states the law in this jurisdiction, and that such an implication,

if it is to be found at all, must be based upon facts and circumstances of the particular case.

The complaint failing to state a cause of action, the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

CLARKE, P. J., and MERRELL, J., concur; SMITH and FINCH, JJ., dissent upon the ground that the complaint in the case at bar alleges that the gifts were made conditionally upon the defendant's fulfillment of her promise to marry the plaintiff, and that this sufficiently pleads the ultimate fact of a conditional gift.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.